USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/21/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
MICHAEL PRYOR, :
:
:
Plaintiff, :
: 17-CV-5388 (VSB)
- against - :
: **OPINION & ORDER**
:
:
P.O. GUZMAN and LT. STEVEN :
CARABALLO, :
:
Defendants. :
:
-----------------------------------------------------------X

Appearances:

Vikrant Pawar
Vik Pawar, Attorney at Law
New York, New York
*Counsel for Plaintiff*

Valerie Elizabeth Smith
New York City Law Department
New York, New York
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

  Plaintiff Michael Pryor brings this action against Defendants Police Officer Danny Guzman and Lieutenant Steven Caraballo, alleging false arrest, denial of the right to a fair trial, malicious prosecution, and supervisory liability claims. Before me are Defendants' motions to dismiss the second amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Plaintiff's false arrest and denial of the right to a fair trial claims are untimely, and Plaintiff's malicious prosecution and supervisory liability claims fail to state a claim, Defendants' motions to dismiss are GRANTED.

I.  **Background**[1]

On September 30, 2013, at approximately 8:00 p.m., Plaintiff and a friend were at a parking lot located inside a New York City Housing Authority ("NYCHA") building. (SAC ¶¶ 8–10.) Plaintiff's friend had asked Plaintiff to help him screw license plates on his vehicle. (SAC ¶ 9.) As Plaintiff and his friend worked on the friend's car, Defendants Guzman and Caraballo approached them and started questioning them. (SAC ¶ 11.) Plaintiff and his friend insisted that "they had a legal right to be [in the parking lot]," and that Plaintiff's friend was "the rightful and legal owner of the vehicle." (SAC ¶ 12.)

At this point, Plaintiff was stopped, frisked, and arrested for trespassing, and the officers "falsely claimed that they found some marijuana on [P]laintiff's person." (SAC ¶¶ 13, 16.) Plaintiff was handcuffed tightly, restricting blood flow and causing unnecessary pain. (SAC ¶ 17.) At the precinct, Plaintiff was strip-searched and booked for trespassing. (SAC ¶ 17.)

Defendants Guzman and Caraballo then "drafted a false criminal court complaint" on the "false and fabricated charges." (SAC ¶¶ 22, 25.) Defendant Guzman drafted the criminal charges against Plaintiff, and Defendant Caraballo "signed off on the arrest and the 'case-ready check-list,'"[2] which was then forward to the District Attorney's Office. (SAC ¶ 18.) Plaintiff made repeated trips to court in connection with the incident before the "false and fabricated charges against him were thrown out on October 1, 2014." (SAC ¶ 22.)

---

[1] The following factual summary is drawn from the allegations of the amended complaint and documents attached to the amended complaint, which I assume to be true for purposes of this motion. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). My references to these allegations should not be construed as a finding as to their veracity, and I make no such findings.

[2] The SAC describes a "case-ready check-list" as "one of the documents that is prepared by the arresting officer and signed off by his supervisor which allows it to be forwarded to the [District Attorney's Office] to continue criminal proceedings against a defendant." (SAC ¶ 18.)

2

## II. Procedural History

On July 17, 2017, Plaintiff commenced this action by filing a complaint against Police Officer Danny Guzman, Police Officer Anderson Ortiz, and a John Doe Supervisor. (Doc. 1.) Plaintiff amended his complaint for the first time on August 6, 2017, (Doc. 8), changing the date of the relevant incident from October 31, 2013 to September 30, 2013. He amended his complaint for the second time on November 27, 2017,[3] (Doc. 24), withdrawing all claims against Ortiz and adding Defendant Caraballo as a party. On January 16, 2018, Defendant Guzman filed a motion to dismiss the SAC, (Doc. 28), along with a memorandum of law, (Doc. 30), and declaration with exhibits, (Doc. 29), in support of his motion. On March 5, 2018, Plaintiff filed his opposition to Defendant Guzman's motion. (Doc. 40.) On March 19, 2018, Defendant Guzman filed a reply in further support of his motion. (Doc. 42.)

On April 3, 2018, Defendant Caraballo filed a motion to dismiss the SAC, (Doc. 46), along with a memorandum of law, (Doc. 48), and declaration with exhibits, (Doc. 47), in support of his motion. Plaintiff filed his opposition to Defendant Caraballo's motion on April 17, 2018. (Doc. 50.) On April 24, 2018, Defendant Caraballo filed a reply in further support of his motion. (Doc. 51.)

## III. Legal Standards

### A. *Motion to Dismiss*

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

---

[3] The SAC was originally filed on November 27, 2017, (Doc. 24), and re-filed on December 3, 2017 to correct a filing error, (Doc. 25).

(2007)). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Plausibility . . . depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

In considering a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor. *Kassner*, 496 F.3d at 237. A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

A complaint is "deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Chambers*, 282 F.3d at 152 (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)). In deciding a motion to dismiss, a court may also "consider matters of which judicial notice may be taken under Fed.R.Evid. 201, including public records such as arrest reports, indictments, and criminal disposition data." *Smith v. City of New York*, No. 12 Civ. 4572(KPF), 2013 WL 6158485, at *1 (S.D.N.Y. Nov. 25, 2013). "If a court takes judicial notice of documents pertinent to a motion to dismiss, it need not convert the motion to dismiss into a motion for summary judgment." *Jones v. Rivera*, No. 13-cv-1042 (NSR), 2015 WL 8362766, at *3

(S.D.N.Y. Dec. 7, 2015) (quoting *Chapman v. Abbott Labs.*, 930 F. Supp. 2d 1321, 1323 (M.D. Fla. 2013)).

### B. *Section 1983*

Section 1983 provides a civil claim for damages against "[e]very person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). "To state a claim under § 1983, a plaintiff must allege that defendants violated plaintiff's federal rights while acting under color of state law." *McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014), *cert. denied*, 135 S. Ct. 1703 (2015). Further, "in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show . . . the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013).

### IV. **Discussion**

Plaintiff alleges three causes of action in the SAC: (i) unlawful seizure and malicious prosecution against Defendants;[4] (ii) denial of the right to a fair trial against Defendants; and (iii) supervisory liability against Defendant Caraballo. Defendants argue, among other things, that the causes of action for false arrest and denial of the right to a fair trial are untimely, (Guzman Mem. 4–7; Caraballo Mem. 8–9),[5] and the causes of action for malicious prosecution and

---

[4] The parties construe Plaintiff's first cause of action as asserting two separate claims: (i) a false arrest claim and (ii) a malicious prosecution claim. I do the same.

[5] "Guzman Mem." refers to Defendant Guzman's Memorandum of Law in Support of its Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), filed January 16, 2018. (Doc. 30.) "Caraballo Mem." refers to the Memorandum of Law in Support of Defendant Caraballo's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(6), filed April 3, 2018. (Doc. 48.)

5

supervisory liability fail to state a claim, (Guzman Mem. 11–12; Caraballo Mem. 3–4).

### A. *Statute of Limitations*

"Section 1983 does not provide a specific statute of limitations. Thus, courts apply the statute of limitations for personal injury actions under state law." *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013). Accordingly, "[s]ection 1983 actions in New York are subject to a three-year statute of limitations," *Milan v. Wertheimer*, 808 F.3d 961, 963 (2d Cir. 2015), and accrue when a "plaintiff knows or has reason to know of the injury which is the basis of his action," *Cornwell v. Robinson*, 23 F.3d 694, 703 (2d Cir. 1994)) (quoting *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980)).

As an initial matter, Plaintiff does not address Defendants' statute of limitations arguments in either of his oppositions to Defendants' motions. On this ground alone, I may deem Plaintiff's claims abandoned. *See, e.g.*, *Chamberlain v. City of White Plains*, 986 F. Supp. 2d 363, 392 (S.D.N.Y. 2013) (dismissing portions of the complaint where plaintiff failed to respond to a defendant's arguments in support of dismissal); *Martinez v. City of New York*, No. 11 Civ. 7461(JMF), 2012 WL 6062551, at *1 (S.D.N.Y. Dec. 6, 2012) (stating that a court "may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed" (citation omitted)). However, I will nevertheless address whether Plaintiff's false arrest and denial of the right to a fair trial claims are timely.

#### 1. False Arrest

"False arrest and imprisonment claims accrue once a detainee is held pursuant to the legal process, for example, when he is arraigned on charges." *Cotto v. City of New York*, No. 16 Civ. 8651 (NRB), 2018 WL 3094915, at *4 (S.D.N.Y. June 20, 2018) (citing *Wallace v. Kato*, 549 U.S. 384, 389–90 (2007)). Plaintiff's claims for false arrest thus accrued on September 30,

2013—the date of his arrest—and the three-year statute of limitations for those claims expired on or about September 30, 2016. To recover on his false arrest claims, Plaintiff was required to identify and serve any individual defendants on or before September 30, 2016. *See, e.g.*, *Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999) (per curiam) ("[Plaintiff's] failure until . . . after the expiration of the statute of limitations period to name specifically in his complaint the officers who allegedly violated his rights is therefore fatal to his *Bivens* claim."). Plaintiff did not file the instant complaint until July 17, 2017, which was approximately ten months after the statute of limitations expired.[6] As such, Plaintiff's false arrest claim is barred by the three-year statute of limitations.

## 2. Denial of the Right to a Fair Trial

Plaintiff's denial of the right to a fair trial claim is entirely premised upon Defendants' fabrication of probable cause and a "false and fabricated charge." (SAC ¶¶ 33–34.) Claims for fabrication of evidence accrue "when the plaintiff learns that evidence was fabricated and an injury was caused by the fabrication." *Carr v. City of New York*, No. 11 Civ. 6982(SAS), 2013 WL 1732343, at *6 (S.D.N.Y. Apr. 19, 2013) ("[P]laintiff arguably learned of the alleged fabrication as soon as the criminal complaint was filed but certainly no later than when [the defendant] took the stand at his trial . . . ."); *see also Garnett v. Undercover Officer C0039*, No. 1:13-cv-7083-GHW, 2015 WL 1539044, at *4 (S.D.N.Y. Apr. 6, 2015) ("[A fabrication of evidence] claim accrues when the officer forwards the false information to the prosecutors."); *Mitchell v. Home*, 377 F. Supp. 2d 361, 373 (S.D.N.Y. 2005) ("[A] fair trial claim premised on fabrication of evidence accrues when the plaintiff learns or should have learned that the evidence

---

[6] Plaintiff served Defendants Guzman and Caraballo on July 20, 2017 and February 27, 2018, respectively. (Docs. 7, 41.)

7

was fabricated and such conduct causes the claimant some injury."). Even accepting all of Plaintiff's allegations as true, as I must, Plaintiff knew his arrest and the charges against him were fabricated as soon as he was arrested, or at the latest when the criminal complaint was filed against him. As such, Plaintiff's claim for denial of the right to a fair trial accrued on the date of his arrest or the following day: September 30 or October 1, 2013. Accordingly, the statute of limitations for Plaintiff's claim expired on September 30, or October 1, 2016, nearly ten months before he filed the instant action.

Accordingly, Plaintiff's claims for false arrest and denial of the right to a fair trial are both untimely and are thus dismissed. I turn next to Plaintiff's remaining claims of malicious prosecution and supervisory liability.

### B. *Malicious Prosecution*

#### 1. Applicable Law

To state a malicious prosecution claim under § 1983, a plaintiff must allege the elements of a state law malicious prosecution claim. *See Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002). Under New York law, the elements of malicious prosecution are: (1) the initiation of a prosecution against a plaintiff; (2) without probable cause; (3) begun with malice; and (4) resulting in a termination in the plaintiff's favor. *See Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003); *O'Brien v. Alexander*, 101 F.3d 1479, 1484 (2d Cir. 1996). In actions brought pursuant to § 1983, a plaintiff must also have suffered a sufficient post-arraignment deprivation of liberty implicating his Fourth Amendment rights. *See Jocks v. Tavernier*, 316 F.3d 128, 136 (2d Cir. 2003) ("Additionally, there must be a post-arraignment seizure for a § 1983 malicious prosecution claim . . . ."); *Rohman v. N.Y.C. Transit Auth. (NYCTA)*, 215 F.3d 208, 215 (2d Cir. 2000) ("The Fourth Amendment right implicated in a malicious prosecution action is the right to

be free of unreasonable seizure of the person—i.e., the right to be free of unreasonable or unwarranted restraints on personal liberty. A plaintiff asserting a Fourth Amendment malicious prosecution claim under § 1983 must therefore show some deprivation of liberty consistent with the concept of seizure." (quoting *Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 116 (2d Cir. 1995))). Thus, "to sustain a § 1983 malicious prosecution claim, there must be a seizure or other perversion of proper legal procedures implicating the claimant's personal liberty and privacy interests under the Fourth Amendment." *Woodward v. Morgenthau*, 740 F. Supp. 2d 433, 439 (S.D.N.Y. 2010) (quoting *Washington v. Cty. of Rockland*, 373 F.3d 310, 316 (2d Cir. 2004)).

### 2. Application

Defendants argue that Plaintiff fails to allege a deprivation of liberty sufficient to sustain a malicious prosecution claim pursuant to § 1983. (Guzman Mem. 11–12; Caraballo Mem. 3–4.) To establish a sufficient post-arraignment deprivation of liberty, Plaintiff states that he suffered a "post-arraignment seizure [that] lasted until the charges were dismissed against plaintiff." (SAC ¶ 19.) In so doing, Plaintiff does not identify the nature of the post-arraignment seizure and has pleaded no facts to support this conclusory allegation.

To the extent that Plaintiff relies on his "repeated trips to Court before the false and fabricated charges against him were thrown out on October 1, 2014," (SAC ¶ 22; *see also* Pl.'s Guzman Opp. 8),[7] Plaintiff's argument is without merit. First, Plaintiff's articulation of "repeated trips" is threadbare and boilerplate, and he provides no factual context for this vague allegation. Plaintiff's allegation that he "endured numerous court appearances," (SAC ¶ 37), suffers the same deficiencies—it is unclear how many times Plaintiff returned to court in

---

[7] "Pl.'s Guzman Opp." refers to Plaintiff's Memorandum of Law in Opposition to Defendant Guzman's Motion to Dismiss Plaintiff's Complaint, filed March 5, 2018. (Doc. 40.)

9

connection with the charge. The paucity of Plaintiff's allegations is reason enough to dismiss Plaintiff's malicious prosecution claim. *See, e.g.*, *Scretching v. Schlosser*, No. 12 Civ. 8129(PAE)(JLC), 2014 WL 2624754, at *2 (S.D.N.Y. June 4, 2014) (dismissing malicious prosecution claims as vague and conclusory); *Longo v. Ortiz*, No. 15-CV-7716 (VEC), 2016 WL 5376212, at *5 (S.D.N.Y. Sept. 26, 2016) (same).

Second, the proceedings against Plaintiff—given the lack of detail in the SAC—do not rise to the level of a loss of liberty implicating his Fourth Amendment rights. *Cf. Burg v. Gosselin*, 591 F.3d 95, 101 (2d Cir. 2010) ("[A] pre-arraignment, non-felony summons requiring no more than a later court appearance does not constitute a Fourth Amendment seizure."). Plaintiff does not allege that he was required to pay bail, that he was held while awaiting trial, or that any restrictions were placed on his right to travel during the proceedings. *See, e.g.*, *Faruki v. City of New York*, 517 F. App'x 1, 1 (2d Cir. 2013) (summary order) (finding that proceedings against plaintiff placed no restriction on her other than a requirement that she appear in court on two occasions, which was "an insufficient deprivation of liberty to support a Fourth Amendment malicious prosecution claim"); *Arbuckle v. City of New York*, No. 14 Civ. 10248 (ER), 2016 WL 5793741, at *10 (S.D.N.Y. Sept. 30, 2016) (dismissing malicious prosecution claim because plaintiff alleged only "that he was required to make at least three court appearances after his arraignment" and "the requirement to attend court hearings, including for trial, does not automatically equate to a post-arraignment deprivation of liberty"); *Dellutri v. Vill. of Elmsford*, 895 F. Supp. 2d 555, 571 (S.D.N.Y. 2012) (dismissing malicious prosecution claim where plaintiff failed to specify "the number of court appearances he made in connection with his trial"

and "whether there were *any* restrictions on his travel or on his liberty in general")._8_ Because Plaintiff fails to sufficiently allege a post-arraignment deprivation of liberty, Defendants' motions to dismiss Plaintiff's claim for malicious prosecution are granted and that claim is dismissed.

### C. *Supervisory Liability*

"Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Personal involvement of a supervisory defendant may be demonstrated by showing:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)._9_ However, "[i]n the absence of an

---

[8] Plaintiff relies on *Murphy v. Lynn*, 118 F.3d 938 (2d Cir. 1997), and *Rohman v. N.Y.C. Transit Authority (NYCTA)*, 215 F.3d 208 (2d Cir. 2000), for the erroneous proposition that "[t]he Second Circuit has consistently held that a post-arraignment defendant who is obligated to appear in court in connection with criminal charges whenever his attendance is required suffers a Fourth Amendment deprivation of liberty," (Pl.'s Opp. 8 n.2 (internal quotation marks omitted)). Plaintiff grossly mischaracterizes both *Murphy* and *Rohman*—indeed, at times, he misquotes these authorities—and, in any event, both cases are distinguishable from this case. The plaintiff in *Rohman* alleged that he was required "to return to court on at least five occasions before the charges against him were ultimately dropped" and that he was required to "remain in the state." *Rohman*, 215 F.3d at 216. Similarly, the plaintiff in *Murphy* appeared for "eight court hearings," and his out-of-state travel was curtailed. *Murphy*, 118 F.3d at 942, 946. On these facts, the Second Circuit in *Rohman* and *Murphy* concluded that the restrictions on plaintiffs in each case imposed a seizure within the meaning of the Fourth Amendment. Here, by contrast, Plaintiff alleges that he made "repeated trips to the Court." (SAC ¶¶ 19, 22.) Plaintiff makes no attempt in the SAC to expand on these vague allegations. Even assuming their truth, these allegations do not sufficiently amount to a post-arraignment deprivation of liberty.

[9] There is disagreement in this District as to whether all the *Colon* categories survive the Supreme Court's decision in *Ashcroft*, and the Second Circuit has yet to address this issue. *See Allah v. Annucci*, No. 16-CV-1841 (KMK), 2017 WL 3972517, at *6 (S.D.N.Y. Sept. 7, 2017) (collecting cases). However, I need not resolve this dispute at this stage.

11

underlying constitutional violation, a plaintiff cannot state a claim for supervisory liability." *Dilworth v. Goldberg*, No. 10-CV-2224 (JMF), 2014 WL 3798631, at *11 (S.D.N.Y. Aug. 1, 2014); *see also Elek v. Inc. Vill. of Monroe*, 815 F. Supp. 2d 801, 808 (S.D.N.Y. 2011) ("[B]ecause Plaintiff has not established any underlying constitutional violation, she cannot state a claim for § 1983 supervisor liability."). Given that none of Plaintiff's underlying constitutional claims survive, I dismiss Plaintiff's claims of supervisory liability against Defendant Caraballo.[10]

### D. *Dismissal with Prejudice*

The City requests that I dismiss Plaintiff's claims with prejudice, and Plaintiff has made no request for leave to amend in the event of dismissal. Under Federal Rule of Civil Procedure 15(a)(2), "[l]eave to amend is to be freely given when justice requires." *Freidus v. Barclays Bank PLC*, 734 F.3d 132, 140 (2d Cir. 2013). Courts will deny leave to amend in cases of, among other things, "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and/or] futility of amendment." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (internal quotation marks omitted). Here, I find that Plaintiff's repeated failures to cure deficiencies, including after the filing of Defendant Guzman's initial motion to dismiss, warrant dismissal of his claims with prejudice. Accordingly, Plaintiff's claims are dismissed with prejudice.

---

[10] As noted above, Plaintiff's false arrest and denial of the right to a fair trial claims are barred by the statute of limitations. (See supra Part IV.A.) To the extent that any of Plaintiff's supervisory liability claims are premised on either of these claims, they are also precluded by the three-year statute of limitations.

12

## V. Conclusion

For the foregoing reasons, Defendants' motions to dismiss are GRANTED, and Plaintiff's claims are dismissed with prejudice. The Clerk of Court is respectfully directed to terminate the pending motions, (Docs. 28, 46), enter judgment for Defendants, and close this case.

SO ORDERED.

Dated: September 21, 2018
      New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge